

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas.

Dear Sir:

Opinion No. 4978
Re: Taxation of an undeveloped mineral estate where mineral estate was reserved in a deed conveying surface estate.

We received your letter dated December 18, 1942, relating to the above mentioned subject matter. Said letter is self-explanatory and reads as follows:

"Practically all of the insurance companies who have taken land under foreclosures are now selling this land and retaining part and sometimes all of the mineral rights and oil royalties. I do not know but it occurs to me that these rights and royalties are subject to taxation, although there is no active developments in this county at this time. I know the law provides that such royalties are taxable in developed fields.

"Will you please advise me whether or not such mineral rights and royalties are subject to ad valorem taxes. If such be taxable I think the State of Texas and the various counties should be receiving such benefits."

The courts of this State are now firmly committed to the doctrine that minerals in place are part of the realty and are capable of ownership in place. It is equally true that the minerals in place may be severed from the surface estate by appropriate conveyances. The severance may be made by an exception or reservation in the deed. When such severance is accomplished, there exists two real property estates, to-wit: an estate in the minerals in place and an estate in the remainder

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the land. Humphreys-Mexia Co. vs J. L. Gammon, 113
Texas 247. In discussing these estates in land, the
Court of Civil Appeals at Texarkana, in the very recent
case styled County School Trustees of Upshur County
vs. Free, 154 S. W. (2d) 935 (Writ refused for want of
merit), said:

> "The law is settled in this State that
> minerals in place may be severed from the sur-
> face; that when so severed they constitute
> separate and distinct estates; that the "fee
> simple title" to the surface estate may be in
> one person and the "fee simple title" to the
> mineral estate in another person; they each
> constitute "real property" and conveyance there-
> of is controlled by laws governing conveyances
> of real estate as distinguishable from personal
> property. Stephens County v. Mid-Kansas Oil
> & Gas Co., 113 Tex. 160, 254 S. W. 290, 29
> A.L.R. 566; Humphreys-Mexia Co. v. Gammon,
> 113 Tex. 247, 254 S. W. 296; Grissom v. Ander-
> son, 125 Tex. 26, 79 S. W. 2d 619."

The Supreme Court of Texas, in the case of
Sheffield vs. Hogg. 77 S. W. (2d) 1021, has held that
unaccrued royalty, whether payable in money or in kind,
is real property subject to taxation in the county where
the property is located. There are, no doubt, many val-
uable mineral estates in this State which have never been
developed. Nevertheless, such estates are subject to
taxation. Texas Co. vs. Daugherty, 160 S. W. 129 (affirmed
by Supreme Court in 176 S. W. 717).

Article 8, Section 1 of the Constitution of
Texas provides, in part, as follows:

> "Taxation shall be equal and uniform. All
> property in this State, whether owned by natural
> persons or corporations, other than municipal,
> shall be taxed in proportion to its value, which
> shall be ascertained as may be provided by law."

In determining the value of the mineral estates
in question for tax purposes, we refer you to Article 7211,
V. A. C. S., which provides, in part, as follows:

> "Hereafter when any person, firm or corporation
> renders his, their or its property in this State

for taxation to any tax assessor, and makes oath as to the kind, character, quality and quantity of such property, and the said officer accepting said rendition from such person, firm or corporation of such property is satisfied that it is correctly and properly valued according to the reasonable cash market value of such property on the market at the time of its rendition, he shall list the same accordingly; but, if the assessor is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition, and if such property shall be found to have no market value by such officer, then at such sum as said officer shall deem the real or intrinsic value of the property; . . "

It follows from what we have said that the so-called mineral rights and royalties mentioned in your letter are subject to ad valorem taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: *Lee Shoptaw*

Lee Shoptaw
Assistant

APPROVED JAN 9, 1943

ATTORNEY GENERAL OF TEXAS

LS/lm

*Gerald C. Mann*

APPROVED
OPINION
COMMITTEE

BY_____
CHAIRMAN